1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8  LAWRENCE CURTIS MAYS,                )
                                        )
9           Petitioner,                 )       3: 09-cv-00418-ECR-RAM
                                        )
10  vs.                                 )
                                        )       **ORDER**
11  NEVADA ATTORNEY GENERAL, *et al.,* )
                                        )
12          Respondents.                )
   _____/

14         This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which

15  petitioner, a state prisoner, is proceeding *pro se*.  Before the court is respondents' motion to dismiss

16  (docket #9), petitioner's opposition (docket #14) and respondents' reply (docket #15).  The motion to

17  dismiss is based upon two grounds; lack of exhaustion of various claims and procedural default of all

18  the claims.  The motion to dismiss shall be granted on the basis of procedural default.

19         Procedural History

20         In July of 2005, petitioner was charged with fifteen counts of lewdness with a child

21  under age 14, one count of sexual assault with a minor under 14 and one count of sexual assault with

22  a minor under 16.  Exhibit 1.[1]

23         On the 15th of February, 2006, petitioner entered into negotiated plea agreement,

24  pleading guilty to one count of lewdness with a minor under 14 and one count of attempted sexual

25

26  _____

        [1] The exhibits referenced in this order were submitted by respondents in support of the motion
   to dismiss and are found in the court's docket at 10.

1   assault with a minor under 16.  Exhibit 3.  The guilty plea was later withdrawn and the case set for

2   trial.  Some sixteen months later, petitioner again agreed to plead guilty to one count lewdness with a

3   minor under 14 and one count attempted sexual assault of a minor under 16.  Exhibit 5.

4           On December 11, 2007, the clerk filed a judgment of conviction which was entered

5   against petitioner on December 10, 2007.  Exhibit 6.  Petitioner was sentenced to a term of ten years

6   to life on the lewdness count and a consecutive term of five to twenty years on the attempted sexual

7   assault count together with a special lifetime supervision sentence and a requirement that he register

8   as a sex offender.  *Id.*

9           On December 19, 2007, petitioner filed a petition for writ of prohibition/mandamus

10  directly with the Nevada Supreme Court.  Exhibit 7.  The petition sought an order requiring the trial

11  court to hear defendant's motion to withdraw guilty plea and motion to replace counsel and to have

12  his judgment of conviction set aside, claiming a violation of his rights to due process and equal

13  protection under the Fourteenth Amendment.  *Id.* The Nevada Supreme Court denied the petition on

14  January 18, 2008, indicating the claims might be brought in a "timely-filed direct appeal."  Exhibit 8.

15  No such appeal had been filed.

16          A state petition for post-conviction relief was filed on July 16, 2008.  Exhibit 10.  The

17  petition was denied by the trial court on December 2, 2008.  Exhibit 11.  A notice of appeal of the

18  decision was filed on April 24, 2009 and that appeal was dismissed as untimely by the Nevada

19  Supreme Court.  Exhibit 13.

20          Petitioner's federal petition was signed by petitioner on or about July 24, 2009. It was

21  received by this court on July 29, 2009 (docket #1 and #2).

22      Federal Claims

23          Petitioner raises three claims for relief in his federal petition.

24  (1)     Petitioner was denied his rights under the Fifth and Fourteenth Amendments when
            counsel failed to "adequately consult with petitioner regarding his right to appeal the
25          conviction and sentence. . . ." causing him prejudice arising from the AEDPA's one
            year limitation period for filing a federal petition.

26

2

(2)    Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments were violated when his pre-sentence motion to withdraw his guilty plea was not heard by the state court prior to the imposition of sentence.

(3)    Petitioner was denied the effective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments when counsel coerced petitioner to plead guilty and failed to advise the court of "withdrawal [of plea] hearing" and failed to provide petitioner with several items of "missing discovery" and failed to inform petitioner of the direct consequences of a guilty plea.

Petition (docket #5).

Procedural Default

Respondents contend that the petition is barred as a matter of law because the claims presented were defaulted in the Nevada Supreme Court when he failed to file a timely notice of appeal to the denial of his state post-conviction petition.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.  A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.  *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule.  *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external

impediment must have prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499

U.S. 467, 497 (1991).

> With respect to the prejudice prong of cause and prejudice, the petitioner bears:
> the burden of showing not merely that the errors [complained of]
> constituted a possibility of prejudice, but that they worked to his actual
> and substantial disadvantage, infecting his entire [proceeding] with
> errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170

(1982).  If the petitioner fails to show cause, the court need not consider whether the petitioner

suffered actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d

528, 530 n.3 (9th Cir. 1988).

In addition, a petitioner can avoid the application of the procedural default doctrine by

demonstrating that the federal court's failure to consider his claims will result in a fundamental

miscarriage of justice.  To prove a "fundamental miscarriage of justice," petitioner must show that the

constitutional error of which he complains "has probably resulted in the conviction of one who is

actually innocent."  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray v. Carrier*, 477

U.S. at 496).

In dismissing the appeal, the Nevada Supreme Court cited to NRS 34.575 and to

*Lozada v. State,* 110 Nev. 349, 352, 871 P.2d 944, 946 (1994), which set out the period of time

allowed for filing a notice of appeal in these instances and discusses the consistently applied holding

that the court lacks jurisdiction in the case of an untimely filing of a notice of appeal.  *Id.*  Thus, the

dismissal petitioner's appeal was based upon an independent and consistently applied state procedural

rule.

Cause and Prejudice

In opposing dismissal of his petition, petitioner asserts that he was being held in

administrative segregation from November 2008 until June, 2009, during the time the state district

court denied his petition, and that he was unable to file a notice of appeal because the law library

assistant failed or refused to bring him the proper form.  He directed the court to a "previous affidavit

1   of Mays" (Opposition, p. 2), but no affidavit is found in the court's record, either attached to the

2   petitioner or elsewhere.  Petitioner was able to file a notice of appeal before his release from

3   administrative segregation.

4            Respondents argue that petitioner has not demonstrated a cause external to the defense

5   because of petitioner's ultimate ability to file the notice of appeal while still in segregated housing

6   and because he offers no proof to support his assertions about the lack of cooperation from the law

7   library.

8            The court agrees.  Petitioner's arguments for cause do not demonstrate that he was

9   prevented from filing his notice of appeal by some cause external to the defense.  First, as noted, he

10  offers no "proof" of these assertions – no affidavit from himself or others attesting to these

11  circumstances, no copies of written requests to the law library – no actual evidence.  Second, he has

12  not shown good reason why he could not have simply drafted his own notice of appeal and submitted

13  it for filing by U.S. mail.  A notice of appeal does not require a particular form and does not require

14  any legal citation or other research that might have involved the law library.  Petitioner has not stated

15  that he was unable to mail a document to the court while he was housed in segregation.

16           Petitioner's claims, as presented in this federal petition, have been procedurally

17  defaulted in the state court by his failure to file a timely appeal of the district court's denial of his

18  post-conviction habeas corpus petition.  This court cannot offer him relief pursuant to *Coleman*, 501

19  U.S. at 750.  The motion to dismiss shall be granted.

20  Exhaustion

21           While respondents argue that ground three of the federal petition is different from the

22  related ground presented to the state district court, that argument will not be entertained here, based

23  on the preceding finding that all claims in the petitioner are procedurally barred.

24  Certificate of Appealability

25           In order to proceed with his appeal, petitioner must receive a certificate of

26  appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435

1   F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir.

2   2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional

3   right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529

4   U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the

5   district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529

6   U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating

7   that the issues are debatable among jurists of reason; that a court could resolve the issues differently;

8   or that the questions are adequate to deserve encouragement to proceed further.  *Id.*

9           Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing

10  Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in

11  the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a

12  notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This Court has

13  considered the issues raised by petitioner, with respect to whether they satisfy the standard for

14  issuance of a certificate of appealability, and determines that none meet that standard.  The Court will

15  therefore deny petitioner a certificate of appealability.

16          **IT IS THEREFORE ORDERED** that the Motion to Dismiss (docket #9) is

17  **GRANTED.**  The petition is dismissed.

18          **IT IS FURTHER ORDERED** that no Certificate of Appealability is warranted and

19  none shall issue.  The Clerk shall enter judgment accordingly.

20          DATED this 26th day of August, 2010.

21

22          Edward C. Reed.

23          UNITED STATES DISTRICT JUDGE

24

25

26